IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACK BANKS**                                                                                          **PETITIONER**

v.                          NO. 4:21-cv-00191 SWW-PSH

**STATE OF ARKANSAS**                                                                      **RESPONDENTS**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Jack Banks ("Banks") began this case by filing a pleading that the Clerk of the Court ("Clerk") construed out of an abundance of caution as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The caption of the petition indicated that Banks intended to file the petition in Pulaski County Circuit Court and do so pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). In the body of the petition, he challenged his state court convictions in 60CR-18-3599, alleging that the convictions were obtained in violation of his constitutional rights. He represented that he was sentenced on March 12, 2020, and was awaiting transport to the Arkansas Division of Correction.

The undersigned reviewed this case in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Having done so, the undersigned had two immediate concerns. First, Banks' petition likely belongs in the state courts of Arkansas, not the United States District Court for the Eastern District of Arkansas. Second, he neither paid the five dollar filing fee nor, alternatively, filed a motion for leave to proceed in forma pauperis. Given those concerns, the Court ordered the following in an Order entered on the docket on March 11, 2021:

Banks was given up to, and including, April 12, 2021, to notify the undersigned whether the petition should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, which belongs in federal court, or a Rule 37 petition, which belongs in the state courts of Arkansas. If Banks asked that his petition be construed as one for a writ of habeas corpus pursuant to 28 U.S.C. 2254, the Court would then address his failure to either pay the filing fee or, alternatively, file a motion for leave to proceed in forma pauperis. See Docket Entry 2. Banks was also notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. He was specifically directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Banks was warned that in the event he failed to comply with the terms of the March 11, 2021, Order, it would be recommended that this case be dismissed without prejudice.

The March 11, 2021, Order was mailed to Banks at the address he provided the Clerk at the commencement of this case, i.e., Pulaski County Detention Facility, 3201 West Roosevelt Road, Little Rock, Arkansas 72204. The envelope containing the Order could not be delivered or forwarded to Banks at that address. The envelope was returned to the Clerk and entered on the docket on March 19, 2021. See Docket Entry 3. An envelope containing a file-marked copy of Banks' petition was subsequently returned to the Clerk with the notation "Return to Sender" and was entered on the docket on April 5, 2021. See Docket Entry 4.

April 12, 2021, has come and gone, and Banks has failed to notify the undersigned whether his petition should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 or, alternatively, as a Rule 37 petition. Moreover, Banks has failed to promptly notify the Clerk of an apparent change of address, to monitor the progress of this case, and to prosecute it diligently. Given Banks' failure to do so, it is recommended that this case be dismissed without prejudice. Judgment should be entered for respondent State of Arkansas.

DATED this 19th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE